IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01323-RM-NRN

DESTINIE BASKERVILLE,

Plaintiff,

v.

KAISER PERMANENTE,

Defendant.

---

## RECOMMENDATION OF DISMISSAL FOR FAILURE TO PROSECUTE, FAILURE TO APPEAR, AND FAILURE TO COMPLY WITH COURT ORDERS

---

**N. Reid Neureiter**
**United States Magistrate Judge**

This case is before the Court pursuant to an Order of Reference to United States Magistrate Judge issued Judge Raymond P. Moore on May 18, 2021. Dkt. #6.

On September 3, 2021, the Court issued an Order to Show Cause (Dkt. #20) in which the pro se Plaintiff, Destinie Baskerville, was ordered to show cause in writing on or before September 24, 2021 why this case should not be dismissed. The Court recounted that Plaintiff had failed to appear at the Scheduling Conference set for September 3, 2021. The Court also stated that Plaintiff was aware of the Scheduling Conference because she appeared at an earlier Status Conference. However, Plaintiff had not appeared at the July 20, 2021[1] Status Conference. Thus, this was the second hearing that she missed. Notices of the July 20, 2021 Status Conference and the

---

[1] The Order to Show Cause erroneously indicated that the Status Conference was held on July 20, 2021, rather than July 16, 2021.

September 3, 2021 Scheduling Conference were mailed to Plaintiff at the address she

provided to the Court. Moreover, at the Scheduling Conference, defense counsel

represented to the Court that since the July 20, 2021 Status Conference, he had tried to

reach Ms. Baskerville twice by mail with no response, and at least two of his phone calls

to her were unanswered and he was unable to leave a voicemail.

In the Order to Show Cause, Plaintiff was advised of Local Rule 41.1 and warned

that "**a failure to comply will result in dismissal of this case without prejudice.**"

Dkt. # 20 at 3 (emphasis in original). Plaintiff did not respond to the Order to Show

Cause. It is apparent that Plaintiff does not intend to prosecute this case.

Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order,
> a defendant may move to dismiss the action or any claim against it.  Unless
> the dismissal order states otherwise, a dismissal under this subdivision (b)
> and any dismissal not under this rule–except one for lack of jurisdiction,
> improper venue, or failure to join a party under Rule 19–operates as an
> adjudication on the merits.

Fed. R. Civ. P. 41(b).

Furthermore, Rule 16(f) provides in pertinent part that "[o]n motion or on its own,

the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-

(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial

conference . . . . or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P.

16(f). Rule 37(b)(2)(A) (ii)-(vii), which is referenced in Rule 16(f), permits the following

sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing
> designated claims or defenses, or from introducing designated matters in
> evidence;
>
> (iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) **dismissing the action or proceeding in whole or in part**;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added).

D.C.COLO.LCivR 41.1 further provides:

A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

Based upon the foregoing, it is hereby

**RECOMMENDED** that the case be dismissed without prejudice pursuant to Fed. R. Civ. P. 16(f) and/or 41(b) and D.C.COLO.LCivR 41.1 based on Plaintiff's failure to prosecute, failure appear, and failure to comply with court orders.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, *Thomas v. Arn*, 474 U.S. 140, 148-53**

3

**(1985), and also waives appellate review of both factual and legal questions.**

***Makin v. Colorado Dep't of Corrections*, 183 F.3d 1205, 1210 (10th Cir. 1999);**

***Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**


Dated:  October 8, 2021
       Denver, Colorado               _____
                                   N. Reid Neureiter
                                   United States Magistrate Judge